Brady, J.
The record discloses no controlling reason why the order appointing a receiver should have been made. Although such an appointment in partnership cases may be said to be a matter of course, nevertheless the rule is not inflexible and may succumb to facts and circumstances. Here all the allegations made by the plaintiffs bearing upon the subject have been flatly contradicted and the defendant has fortified his denials by corroborative evidence. Not only that, but he avers that when the dissolution of the firm took place the liquidation to ensue was placed entirely in his hands with the understanding that he was to have in relation to it a certain period during which he was not to be disturbed which had not expired when the action was commenced. This averment was not rebutted and stands confessed upon the record. If the facts disclosed and sustained by proof demonstrated that the defendant was faithless to the duties imposed bjr his attitude as liquidator; or that he was squandering the assets or appropriating them to improper jrarposes, the arrangements mentioned might well be disregarded ; but none of these elements appear. The debts have been in the main discharged and the assets substantially gathered. The plaintiffs have been duly advised of the accounts and condition of the affairs of partnership by_ defendant and access at all reasonable times allowed to the books and information given. This action may have been necessary, it may be so assumed, but no pressing necessity is shown by the papers, and the suggestion that it is one more from feeling than necessity may be the correct view of it. Partnership controversies are apt to assume such a form. However this may be, the appointment of a receiver seems to have been a useless ceremony, having the objectionable feature of expense which might well be avoided. For these reasons the order appealed from should be reversed, but with costs to abide event..
Daniels, J., concurs.